# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARIAN HALLIDAY, | ) |
| Petitioner, | ) ) |
| v. | ) No. 4:21-CV-842 SRC |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner Darian Halliday's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons explained below, the petition will be dismissed.

## Background

Petitioner is currently being held at Saint Genevieve County Detention Center. On September 17, 2020, petitioner was charged with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *See U.S. v. Halliday*, No. 4:20CR553 JAR (E.D. Mo). Petitioner was arraigned on February 22, 2021, at which time he entered a plea of not guilty. The pretrial motions deadline is currently set for September 7, 2021. At present, the matter remains pending, and petitioner remains detained.

## The Petition

In the instant petition, petitioner challenges his ongoing federal criminal case. He claims the "'The United States of America' as a plaintiff is false, 'Legal Fiction' and must be dismissed." ECF No. 1 at 1. Plaintiff further appears to argue that the government has failed to charge him with an offense against the laws of the United States, this Court lacks subject matter jurisdiction,

and the statute under which he is charged is invalid or unconstitutional. *Id.* at 2-8. He asks this Court to release him from federal custody. *Id.* at 8-9.

## Discussion

It is well established that a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution. *Jones v. Perkins*, 245 U.S. 390, 391 (1918) (citations omitted) ("[I]n the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed, and habeas corpus should not be granted in advance of a trial."). *See also Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995) (the remedy provided by 28 U.S.C. § 2241 cannot be used to undermine, or interfere with, the proceedings in an ongoing federal criminal case). When habeas claims raised by a federal pretrial detainee would be dispositive of the pending federal criminal charges, principles of judicial economy require that the petitioner first present those claims to the trial court, and then raise them on direct appeal if permissible. *Moore v. U.S.*, 875 F. Supp. 620, 624 (D. Neb. 1994).

In the case at bar, petitioner seeks a writ of habeas corpus that would dispose of his federal criminal case and cause him to be released from pretrial detention. Petitioner has made no effort to explain why he cannot raise his claims in his ongoing criminal proceedings, nor has he shown that there are any exceptional circumstances that would allow him to bypass the normal procedure for raising such claims. Therefore, relief under § 2241 is unavailable to petitioner at this time. To determine otherwise would interfere with the trial judge's control over petitioner's case, encourage "judge shopping," and cause needless duplication of judicial resources. The Court will therefore deny the petition. The Court will not issue a certificate of appealability, as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED AND DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 31st day of August, 2021.

                                                                           _____
                                                                           STEPHEN R. CLARK
                                                                           UNITED STATES DISTRICT JUDGE